AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

SOUTHER DISTRICT OF NEW Y⌄

| | |
|---|---|
| PARACO GAS CORPORATION, JOSEPH ARMENTANO and CHRISTINA AREMENTANO<br><br>_____<br>*Plaintiff(s)*<br>v.<br>IRONSHORE INDEMNITY, INC.<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* IRONSHORE INDEMNITY, INC.
175 Berkeley Street
Boston, Massachusetts 02116

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Jan A. Marcus, Esq.
The Delorio Law Group, PLLC
800 Westchester Avenue - Suite S-608
Rye Brook, New York 10576
(914) 696-5555

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

——————————————————————————x

PARACO GAS CORPORATION, JOSEPH
ARMENTANO and CHRISTINA AREMENTANO,                Case No.

                          Plaintiffs

              - against –

                                                   **COMPLAINT**

IRONSHORE INDEMNITY, INC.,

                          Defendant.

——————————————————————————x

The Plaintiffs PARACO GAS CORPORATION ("Plaintiff Paraco"), JOSEPH

ARMENTANO ("Plaintiff Joseph Armentano"), and CHRISTINA AREMENTANO ("Plaintiff

Christina Armentano") (collectively "the Plaintiffs,"), through their attorneys The DeIorio Law

Group, PLLC, as and for their Complaint in this matter, set forth as follows:

## <u>NATURE OF ACTION</u>

1. This is an action seeking declaratory and other relief, and specifically seeking a

judgment that the Defendant Ironshore Indemnity, Inc. ("Defendant" or "Ironshore") is obligated

to provide coverage and indemnity with respect to Directors, Officers and Private Company

Liability coverage ("D&O Coverage") under the terms of Insuring Agreements contained in a

commercial policy of insurance issued by the Defendant to Plaintiff Paraco, bearing Policy No.

004168200 ("the Policy").

1

2.   The Policy provides aggregate coverage in the amount of $3,000,000, and was in effect during a policy period of August 12, 2019 through August 12, 2020.

3.   The Defendant has repeatedly refused to provide D&O Coverage to the Plaintiffs in accordance with the terms of the Policy, and refused to either defend or indemnify the Plaintiffs with respect to claims raised against Plaintiffs by third parties as set forth more fully herein.  It is the Plaintiffs' position that such claims are and should be covered under the terms of the Policy.

## THE PARTIES, JURISDICTION, AND VENUE

4.   The Plaintiff Paraco is a corporation duly organized and existing pursuant to the laws of the State of New York, with a principal office located at 800 Westchester Avenue, Rye Brook, New York and is a citizen of the State of New York.

5.   The Plaintiff Joseph Armentano is a citizen of the State of New York.

6.   The Plaintiff Christina Armentano is a citizen of the State of Connecticut.

7.   Upon information and belief, the Defendant is a corporation duly organized and existing pursuant to the laws of the State of Massachusetts, with a principal office located at 175 Berkeley Street, Boston Massachusetts, and thus is a citizen of the State of Massachusetts.

8.   This Court therefore has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332(a)(1) on the basis of complete diversity.

9.   Venue lies in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the claim occurred in this District.

10.   The Plaintiffs originally instituted an action in New York state court in 2021 seeking similar relief as to what Plaintiffs are seeking in the present action.  The Defendant successfully

removed that first suit to this Court, and the matter was then dismissed because of a mandatory

mediation provision contained in the Policy.

11.   The parties so engaged in the mediation in January 2022, but could not resolve their

differences.   The Policy also provides for a 90 day period following unsuccessful mediation

during which the Plaintiffs, as insureds, could not bring a lawsuit.   That 90 day "cooling off"

period has expired.

## FACTUAL BACKGROUND

12.   The Plaintiff Paraco is engaged in the energy business, and is one of the largest

privately held marketers and distributors of propane fuel and equipment in the eastern United

States.

13.   At all times relevant hereto, Paraco was a closely held corporation owned and

operated by members of the Armentano family.

14.   In accordance with its bylaws, Paraco duly issued two classes of stock to its owners:

Class A Voting Stock, and Class B Non-Voting stock.

15.   At all times relevant hereto, Plaintiff Joseph Armentano was and is the Chief

Executive Officer of Paraco, the Chairman of the Board of Directors of Paraco ("the Board"),

and the owner of a majority of both Paraco Class A Voting Stock and Paraco Class B Non-

Voting Stock.

16.   At all times relevant hereto, Plaintiff Christina Armentano  was and is a corporate

officer of Paraco, a member of the Board, and eventually was the owner of Paraco Class A

3

Voting Stock and Paraco Class B Voting Stock.  Plaintiff Christina Armentano is the daughter of Plaintiff Joseph Armentano.

17.  Upon information and belief, and all times relevant hereto, the Defendant was and is a insurance carrier selling insurance policies nationally to the general public.

18.  There are several non-parties to this lawsuit whose actions are relevant and which form the basis of why the Plaintiffs are seeking relief in this lawsuit.

19.  At all times relevant hereto, Robert Armentano was the owner of Paraco Class B Non-Voting Stock, and was a former corporate officer and director of Paraco.  Robert Armentano is the brother of Joseph Armentano.

20.  At all times relevant hereto, John Armentano was the owner of Paraco Class B Non-Voting Stock, and was a former corporate officer and director of Paraco.  John Armentano is the brother of Plaintiff Joseph Armentano and of Robert Armentano.  Plaintiff Joseph Armentano, Plaintiff Christina Armentano, Robert Armentano, and John Armentano are sometimes collectively referred to herein as "the Paraco Shareholders."

21.  Over a period of years, the Paraco Shareholders have been involved in a series of civil lawsuits with one another, generally involving Robert Armentano on one side, and the Plaintiff Joseph Armentano on the other side.

22.  In July 2020, Robert Armentano, John Armentano and a John Armentano family Trust, individually and derivatively on behalf of Plaintiff Paraco, filed a lawsuit against the Plaintiffs and against certain other family Trusts, captioned *Robert Armentano et al. v. Joseph*

4

*Armentano et al.,* Index No. 57449/2020, which was pending in the Supreme Court of the State

of New York, County of Westchester ("the Underlying Action"). The plaintiffs in the

Underlying Action filed an Amended Complaint dated October 27, 2020 with no substantive

changes to the gravamen of the claims originally raised in the Underlying Action. A copy of the

Amended Complaint in the Underlying Action is annexed hereto as **Exhibit A.**

23. It is alleged in the Underlying Action that the Plaintiff Joseph Armentano improperly

transferred his Paraco Class B Non-Voting Stock and a portion of his Paraco Class A Voting

Stock to his daughter, the Plaintiff Christina Armentano ("the Alleged Improper Transfers").

24. It is also alleged in the Underlying Action that the Alleged Improper Transfers were

violative of certain restrictive provisions set forth in two separate agreements entered into among

the Paraco Shareholders.

25. It is further alleged in the Underlying Action that the Alleged Improper Transfers

were accomplished with the "participation, knowledge and approval of the [Paraco] Board" who

then "actively participated in, had full knowledge of, approved and concealed" from the

plaintiffs in the Underlying Action the proposed Alleged Improper Transfers.

26. It is further alleged in the Underlying Action that the Board was incapable of making

a disinterested decision in regard to the Alleged Improper Transfers since the Board participated

in the Alleged Improper Transfers and because the Board in effect "rubber stamped" the Alleged

Improper Transfers.

5

27.  It is further alleged in the Underlying Action that the Board improperly approved a "sham" agreement which terminated certain rights of the named plaintiffs in the Underlying Action.

28.  It is further alleged in the Underlying Action that the Board committed "reckless and/or willfully imprudent oversight" of the corporate affairs of Plaintiff Paraco.

29.  It is further alleged in the Underlying Action that the Plaintiff Joseph Armentano, in his capacity as corporate officer of Paraco, breached his fiduciary duties owed to the plaintiffs in the Underlying Action.

30.  It is further alleged in the Underlying Action that the Plaintiff Christina Armentano, in her capacity as corporate officer of Paraco, breached her fiduciary duties owed to the plaintiffs in the Underlying Action.

31.  The Policy was issued by the Defendant naming Plaintiff Paraco as the insured.

32.  The Plaintiff Joseph Armentano, by virtue of the corporate positions he held with Plaintiff Paraco, is an "Insured Person" as that term is defined in the Policy.

33.  The Plaintiff Christina Armentano, by virtue of the corporate positions she held with Plaintiff Paraco,  is an "Insured Peron" as that term is defined in the Policy.

## THE DEFENDANT'S DECLINATION OF COVERAGE

34.  The Plaintiffs have made several requests for the Defendant to provide D&O Coverage to the Plaintiffs in accordance with the terms of the Policy and to provide Plaintiffs with a defense and indemnity in regard to the Underlying Action.

35.  The Defendant has repeatedly denied coverage for the claims asserted against the Plaintiffs in the Underlying Action, including the denial of providing a defense to the Plaintiffs.

36.  In support of its declination to provide a defense and indemnity to the Plaintiffs in regard to the Underlying Action, Ironshore claimed *inter alia*, that there was no "wrongful act" within the definitions of the Policy; that there was untimely notice given of the claim; and that there was misrepresentation in the application to obtain the Policy.

37.  None of the reasons asserted by the Defendant for denying coverage to the Plaintiffs, for not providing a defense to the Plaintiffs, and for denying indemnity to the Plaintiffs in regard to the Underlying Action are true, the reasons are not supported by the record, are otherwise improper, and such denials violate the provisions of the Policy.

38.  The Underlying Action was settled without any input from Ironshore, despite Plaintiff's efforts to have Ironshore provide a defense to the Plaintiffs and to thereby participate in the Underlying Action.

## AS AND FOR A FIRST CAUSE OF ACTION (DECLARATORY JUDGMENT)

39.  The Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 38, inclusive, of this Complaint with the same force and effect as if set forth at length herein.

40.  The terms of the Policy obligate the Defendant to indemnify and compensate the Plaintiff for the claimed losses sustained as a result of the claims raised in the Underlying Action.

7

41.  The terms of the Policy further provide that the Defendant was obligated to have provided a defense to the Plaintiffs in the Underlying Action.

42.  The Plaintiffs have duly requested and demanded that Ironshore provide such indemnification and compensation for the losses sustained as a result of the Underlying Action.

43.  The Plaintiffs duly requested and demanded that Ironshore provide a defense for the Plaintiffs in the Underlying Action.

44.  The Defendant has wrongfully refused, and continues to wrongfully refuse, to provide indemnification and compensation to the Plaintiffs for the expenditures incurred by the Plaintiffs in regard to the Underlying Action, including the costs of defense incurred by the Plaintiff in defending the underlying action, and for which the Defendant is responsible in accordance with the terms of the Policy.

45.  The Defendant wrongfully refused to provide a defense for the Plaintiffs in the Underlying Action.

46.  An actual controversy exists, and has existed, between the Plaintiffs and the Defendant with respect to Defendant's obligations to the Plaintiffs under the terms of the Policy.

47.  Defendant's refusal to indemnify and compensate the Plaintiffs for losses sustained and which may be sustained by the Plaintiffs as a result of the claims raised in the Underlying Action, and to provide the Plaintiffs with a defense in regard to the Underlying Action, is and was unreasonable as a matter of law.

48.  Defendant's refusal to indemnify and compensate the Plaintiffs for losses sustained by the Plaintiffs as a result of the claims raised in the Underlying Action, and to provide the Plaintiffs with a defense in regard to the Underlying Action, was and is wrongful and in breach of the terms of the Policy, as well as of the laws of the State of New York.

49.  The Plaintiffs have no adequate remedy at law.

50.  A judicial declaration is necessary to establish the Plaintiffs' rights and the Defendant's obligations to the Plaintiffs under the terms of the Policy.

## AS AND FOR A SECOND CAUSE OF ACTION (BREACH OF CONTRACT)

51.  The Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 50 of this Complaint with the same force and effect as if set forth at length herein.

52.  The terms of the Policy obligated the Defendant to indemnify and compensate the Plaintiffs for the losses Plaintiffs have sustained and may sustain in regard to the Underlying Action, and to provide the Plaintiffs with a defense in regard to the Underlying Action.

53.  Although such losses and the claims made by the Plaintiffs and the providing of the Plaintiffs with a defense fall within the insuring provisions of the Policy, and with no valid reason for not doing so, the Defendant has nevertheless wrongfully refused to indemnify and compensate the Plaintiff for those losses or to have provided the Plaintiffs with a defense in regard to the Underlying Action.

9

54.  The Defendant's failure to so indemnify or compensate the Plaintiffs and to provide the Plaintiffs with a defense in regard to the Underlying Action constitute a breach of contract by the Defendant in regard to Defendant's obligations under the terms of the Policy.

55.  As a direct and proximate result of Defendant's breach of contract, the Plaintiffs have suffered and will continue to suffer damages.

56.  As a further direct and proximate result of the Defendant's breach of contract, the Plaintiffs have suffered monetary loss and such losses will continue to accrue.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendant:

(1)  On the First Cause of Action declaring and adjudging the Defendant is obligated to indemnify and compensate the Plaintiffs for losses sustained by the Plaintiffs in regard to the Underlying Action;

(2)  On the First Cause of Action declaring and adjudging the Defendant was obligated to have provided a defense, at Defendant's cost and expense, to the Plaintiffs in regard to the Underlying Action;

(3)  On the Second Cause of Action for monetary damages sustained by the Plaintiffs as a result of the Underlying Action, and as a result of the Defendant's refusal to provide coverage or a defense to the Plaintiffs under the terms of the Policy, including (x) money paid by the Plaintiffs in settlement of the Underlying Action, and (y) the costs of defense, including attorneys' fees, incurred by the Plaintiffs in defending the Underlying Action;

10

(4)  Awarding pre-judgment and post-judgment interest on all amounts awarded to the

Plaintiffs in this lawsuit;

(5)  Awarding to the Plaintiffs of all costs and attorneys' fees incurred by the Plaintiff in

maintaining this action in accordance with applicable law;

(6)  Providing for such other and further relief as to this Court may seem just and proper.

Dated:  Rye Brook, New York
        June 29, 2022

                    Jan A. Marcus (AM9127)
                    Patrick V. DeIorio (PD6403)
                    Andrea H. Marcus (AM1994)
                    The DeIorio Law Group
                    *Attorneys for the Plaintiff*
                    800 Westchester Avenue, Suite S-608
                    Rye Brook, NY 10573
                    Phone: (914) 696-5555
                    Fax: (914) 696-0450
                    janmarcusesq@gmail.com

To: Ironshore Indemnity, Inc.
    175 Berkeley Street
    Boston Massachusetts