**MANDATE**

7:22-cv-05557-CS

23-1069-cv
*Paraco Gas Corporation v. Ironshore Indemnity, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand twenty-four.

Present:
　　Eunice C. Lee,
　　Sarah A. L. Merriam,
　　Maria Araújo Kahn,
　　　　*Circuit Judges.*

_____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/8/2024

Paraco Gas Corporation, Joseph Armentano, Christina Armentano,

　　　　*Plaintiffs-Appellants*,

　　v.　　　　　　　　　　　　　　　　　　　　　　　　23-1069-cv

Ironshore Indemnity, Inc.

MANDATE ISSUED ON 07/08/2024

*Defendant-Appellee.*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | ANDREA H. MARCUS, The Deiorio Law Group, PLLC, Rye Brook, NY. |
| For Defendant-Appellee: | MELISSA A. MURPHY-PETROS, Wilson Elser Moskowitz Edelman & Dicker LLP, Chicago, IL. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Paraco Gas Corporation ("Paraco"), a closely-held family corporation that distributes propane fuel and equipment, appeals a June 22, 2023 judgment of the district court dismissing its breach of contract and declaratory judgment claims against Ironshore Indemnity, Inc. ("Ironshore"), an insurance company that issued Paraco the liability insurance policy at the heart of this dispute. Paraco purchased an insurance policy for Directors, Officers, and Private Company

2

Liability coverage (the "D&O Policy" or "Policy") from Ironshore for the relevant period. As its name suggests, the D&O Policy provided insurance coverage for certain acts of Paraco's officers and directors. After a suit was brought against Joseph and Christina Armentano, who were Paraco officers,[1] alleging that Joseph had transferred shares in violation of the terms of two Paraco Shareholder Agreements, Paraco sought to invoke coverage benefits under the Policy for the suit (the "Underlying Action"). Paraco, Joseph, and Christina (collectively, "Appellants") allege that despite proper notification and requests, Ironshore refused to defend or indemnify Appellants in the Underlying Action as required by the Policy.

Appellants brought suit seeking (1) a declaratory judgment that Ironshore was obligated under the Policy (i) to indemnify and compensate them for losses sustained in the Underlying Action, and (ii) to provide them with a defense in that action; and (2) damages for breach of contract.[2] The district court dismissed the

---

[1] At the relevant time, Joseph Armentano was the Chief Executive Officer of Paraco, Chairman of Paraco's Board of Directors, and owner of a majority of both Paraco Class A Voting Stock and Class B Non-Voting Stock; and Christina Armentano was a corporate officer of Paraco, a member of the Board, and an owner of Paraco Class A and Class B stock.

[2] The parties eventually settled the Underlying Action.

3

suit because it determined that the exclusion provision of the insurance policy unambiguously excluded liability coverage for the Underlying Action. On appeal, Paraco argues that the coverage exclusion in the insurance policy did not preclude all the claims in the Underlying Action from D&O coverage.

For the reasons below, we find that all the claims in the Underlying Action arose out of obligations under the Shareholder Agreements, and thus, all fell within the Policy's coverage exclusion. We assume the parties' familiarity with the remaining underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

\*            \*            \*

We review *de novo* the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations in the complaint as true and construing all reasonable inferences in the light most favorable to the nonmoving party. *See Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 298 (2d Cir. 2022). The parties agree that New York law governs the interpretation of the Policy's terms. When interpreting contracts under New York law, courts focus on deciphering "the objective manifestations of the intent of the parties as gathered

4

by their expressed words and deeds." *Res. Grp. Int'l Ltd. v. Chishti*, 91 F.4th 107, 112 (2d Cir. 2024) (quoting *Brown Bros. Elec. Contractors, Inc. v. Beam Constr. Corp.*, 41 N.Y.2d 397, 399 (1977)).

The D&O Policy here provides a blanket statement of coverage, followed later by an exclusionary provision for certain acts. Section III.N.'s exclusion provision reads as follows:

> **Section III.** The Insurer shall not be liable to make any payment for Loss in connection with any Claim made against any Insured: . . . **N.** alleging, *arising out of*, based upon or attributable to *any actual or alleged contractual liability or obligation of the Company or an Insured Person under any contract, agreement*, employment contract or employment agreement to pay money, wages or any employee benefits of any kind.

J. App'x at 57, 59 (emphasis added). This provision exempts from coverage any claim against persons covered under the Policy that "aris[e] out of" contractual liability or obligations under contracts and agreements.[3] *Id.* The scope of the "arising out of" language in this provision is our focus in addressing Paraco's appeal. New York courts have historically interpreted "arising out of" language

---

[3] "Insured Person" under the Policy means "Directors, Officers and Employees." J. App'x at 54 (Policy § II.M.). The parties do not dispute that Joseph and Christina are covered persons under the terms of the Policy.

5

in insurance contracts broadly. *See Maroney v. N.Y. Cent. Mut. Fire Ins. Co.*, 5 N.Y.3d 467, 472 (2005) ("The words 'arising out of' have 'broader significance and are ordinarily understood to mean originating from, incident to, or having connection with.'" (alterations omitted) (quoting *Aetna Cas. & Sur. Co. v. Liberty Mut. Ins. Co.*, 459 N.Y.S.2d 158, 161 (App. Div. 1983))).

As an initial matter, Paraco concedes that nine out of the ten claims in the Underlying Action "arise out of" alleged breaches of the two Paraco Shareholder Agreements. This means that these claims fall within the Section III.N. exclusion and do not benefit from liability coverage under the Policy. Thus, we narrow our focus to the only claim from the Underlying Action that remains in dispute—Count IV. Specifically, the question is whether Count IV is based on an alleged contractual liability of Paraco, such that coverage is excluded.

Count IV of the Underlying Action sought declaratory relief stating that the Class A Shareholder Agreement remained in effect and governed the rights of Paraco shareholders, and that an agreement signed by Joseph purporting to terminate the Class A Shareholder Agreement was invalid. In Paraco's view, this claim is based on the Board's corporate powers and fiduciary duties, not on

6

obligations under the Shareholder Agreements that sustain the rest of the claims in the Underlying Action. Paraco argues that this means Count IV cannot fall within the Policy's exclusion because it was based not on "contractual liability or obligation," but on the Board's abdication of its corporate and fiduciary duties to shareholders by allegedly rubberstamping Joseph's actions and/or wrongfully concealing them. J. App'x at 59. Thus, Paraco contends that such claims against the Board would exist regardless of Appellants' obligations under the Shareholder Agreements, and as such, Ironshore had a duty to defend or indemnify Appellants against those claims.

To assess the boundaries of coverage under the exclusionary clause of the Policy, we apply a but-for test. *See Mount Vernon Fire Ins. Co. v. Creative Hous. Ltd.*, 88 N.Y.2d 347, 352–53 (1996). While Paraco accepts the application of a but-for test to adjudicate whether the claims arise out of contractual liability or obligations, it neglects to engage with any analysis in earnest. Ironshore argues that because Count IV "alleges that Joseph breached the Class A shareholder agreement by purporting to end it through his unilateral execution of the termination agreement" approved by the Board, the claim "could not exist *but for*

7

the contractual obligations created by the Class A shareholder agreement"—precluding it from coverage. Appellee's Br. at 40 (emphasis added). We agree.

Count IV not only alleges the existence of facts showing that Appellants violated the terms of the Class A Shareholder Agreement, but the claim relies on that agreement for its theory of harm—demonstrating that the claim could not exist *but for* Joseph's alleged violation of the agreement's right of first refusal and stock transfer provisions. Thus, the claim is clearly positioned within the Policy exclusion. The allegations in Count IV of the Underlying Action are replete with references to Joseph's breach of his obligations under the Class A Shareholder Agreement. *See* J. App'x at 30 ("The Paraco Class 'A' Stock improperly transferred by Joseph . . . in violation of the Class 'A' ROFR[4] . . . would have been returned to Paraco and its shareholders if the Class 'A' ROFR was complied with."); *see also id.* ("The improper Class 'A' Stock transfers made by Joseph . . . including the Purported Termination Agreement, signed only by Joseph—the invalidity of which is blatant due to the explicit provision in the Class 'A' Stock Agreement requiring that any modification or amendment to [it] must be in

---

[4] A contractual term indicating a right of first refusal.

writing signed by all parties, was the cornerstone of Joseph's Succession Plan."). So while Count IV is not a breach of contract claim *per se*, it certainly has a causal relationship to Appellants' contractual obligations arising out of the Class A Shareholder Agreement. *See Maroney*, 5 N.Y.3d at 472 ("We conclude that, in the uninsured premises realm, the phrase arising out of [] requires only that there be some causal relationship[.]" (internal quotation marks omitted)). This places Count IV squarely within the orbit of the D&O Policy's exclusion from coverage.

Last, Paraco's characterization of Count IV as arising out of the Board's obligations under its general corporate duties is flawed for another distinct reason—that is, that the allegations related to the Board functioned to satisfy the pleading requirements for derivative actions. As the district court correctly determined, the allegations related to the Board in Count IV "were made with respect to demand futility for the derivative claims, to explain why requesting that the Board sue Joseph would be pointless." *Paraco Gas Corp. v. Ironshore Indem., Inc.*, No. 22-CV-5557 (CS), 2023 WL 4134661, at *8 (S.D.N.Y. June 22, 2023). "Demand futility" pleading allows shareholders who bring derivative actions to explain why they did not demand the Board bring the action instead. *See Marx*

9

*v. Akers*, 88 N.Y.2d 189, 193–94 (1996) ("[New York] Business Corporation Law § 626 (c) provides that in any shareholders' derivative action, 'the complaint shall set forth with particularity the efforts of the plaintiff to secure the initiation of such action by the board or the reasons for not making such effort.'" (quoting N.Y. Bus. Corp. Law § 626(c))). The allegations in Count IV that directly invoke the Board are clearly designed to meet this pleading requirement. *See* J. App'x at 30 (explaining that Board's close entanglement with Joseph's actions made it "incapable of making a disinterested decision to institute and vigorously prosecute the Plaintiffs' derivative claims on behalf of Paraco shareholders" and thus "a demand upon the Paraco Board to commence Plaintiffs' derivative claims is futile"). While a demand futility statement may imply that a board abdicated its corporate duties, it does not, without more, transform the nature of the Underlying Action or the claim itself, and therefore does not impact our consideration.

We conclude that each claim in the Underlying Action arose from an "actual or alleged contractual liability or obligation of" Paraco, Joseph, or Christina, under the relevant shareholder agreements. J. App'x at 59. Thus, any legal duty

10

Ironshore had under the D&O Policy to defend and/or indemnify Paraco was not triggered because the entirety of the Underlying Action falls within the Policy's exclusion clause.

*      *      *

Because all of the claims fall within the exclusion, we need not consider Paraco's remaining arguments. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



11

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit